Patricia A. **SMITH** et al., Plaintiffs,

v.

The **BOARD OF COMMISSIONERS OF the DISTRICT OF COLUMBIA** et al., Defendants.

**Civ. A. No. 1447–66.**

United States District Court
District of Columbia.

Oct. 7, 1966.

---

David H. Marlin, Washington, D. C., for plaintiffs.

Milton Korman, Acting Corp. Counsel, and Robert M. Werdig, Asst. Corp. Counsel, Washington, D. C., for defendants.

HOLTZOFF, District Judge.

This is an action brought against the Board of Commissioners of the District of Columbia and the Director and certain other officials of the Department of Public Welfare of the District of Columbia. The plaintiffs are mothers of children receiving assistance under the provisions of law for aid to families with dependent children, administered by the Government of the District of Columbia through its Department of Public Welfare. The defendants move for summary judgment.

■ The gravamen of the action is that investigators employed by the Department of Public Welfare at times use harsh, oppressive, illegal, and humiliating methods in making their investigations as to the question whether a particular recipient of assistance is worthy of that aid. The Court is of the opinion, first, that it has no jurisdiction over the internal administration of this agency or any other government department. What the Court is asked to do here is to direct by declaratory or injunctive relief, or both, how the department should be administered. The Court has no such power.

■ Second, the Court is of the opinion that the administration of relief involves discretion on the part of the agency entrusted with that duty. Payments of relief funds are grants and gratuities. Their disbursement does not constitute payment of legal obligations that the government owes. Being absolutely discretionary, there is no judicial review of the manner in which that discretion is exercised. It must be borne in mind that an individual may not maintain an action to enjoin the day-to-day administration of government functions or the use of government funds. This principle was established in the leading case of Commonwealth of Massachusetts v. Mellon, 262 U.S. 447, 43 S.Ct. 597, 67 L.Ed. 1078.

■■ Third, remedies of the type requested here may not be accorded by a court of equity. This Court may not enjoin a large number of unnamed investigators and instruct them how to conduct their duties, under penalty of being punished for contempt of court. The Court would have no means of supervising and determining the day-to-day compliance or failure to comply with such an injunction. Again, equity does not enjoin unnamed individuals, as equity acts *in personam.*

Counsel for the plaintiffs does not attack the legality or the propriety of the Departmental regulations. He contends, however, that the regulations are being violated by various investigators. In connection with the administration of welfare funds, however, the government has a right, in fact a duty, to make investigations in order to determine whether the money is properly spent, and to make certain that it is not squandered

improvidently, and is not obtained on the basis of misrepresentations. If there is any grievance as to the conduct of any particular investigator the matter should be submitted to the administrative agency. There is no showing here that the administrative remedies have been exhausted. If the agency refuses redress appeal can be taken to the Board of Commissioners.

Each of the reasons the Court has just given is in itself separately sufficient to warrant a granting of the defendants' motion for summary judgment.

The defendants' motion is granted. You may submit an order.